Filed 11/22/22 P. v. Chatman CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079081 |
| v. | (Super.Ct.No. BAF002088) |
| LAWRENCE VERNON CHATMAN, Jr., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Lawrence Vernon Chatman, Jr. appeals the Riverside County Superior Court's denial of his petition motion to vacate his judgment made pursuant to section 1473.6 of the Penal Code.[1]  We affirm.

## BACKGROUND

In 2003, defendant was convicted of first degree robbery of a person over 65 years of age and first degree burglary of that victim's home in violation of sections 211, 212.5, 459, and 667.9, subdivision (b).  He admitted four prior prison terms (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667.5, subd. (a)), and two prior strike convictions (§§ 667.5, subds. (c) and (e), 1170.12, subd. (c)).  He was sentenced to a total prison term of 62 years and eight months (which did not include the prior prison terms because two were stayed and the others stricken).  Defendant appealed and we affirmed.  (*People v. Chatman* (Nov. 15, 2004, E034544) [nonpub. opn.].)

In May 2022, defendant noticed a motion pursuant to section 1473.6, which permits a person who is no longer in custody to move to vacate a judgment based upon newly discovered evidence of fraud, false testimony, or other misconduct on the part of a governmental official that resulted in their unlawful imprisonment or restraint.

The purpose of defendant's motion was to vacate the two prior strike convictions he had admitted in connection with his 2003 conviction for robbery and burglary.  It appears from the first amended information in the 2003 case that the prior strikes were a conviction in 1985 for burglary in violation of section 459 and a conviction for assault to

---

[1]All further statutory references are to the Penal Code.

intent to commit a specific sex offense in violation of section 220. Defendant mentions the years of those two convictions in his moving papers, but only specifically identifies the burglary offense. As to that offense, he attached an abstract of judgment showing he entered a plea. He argues both convictions are invalid because (i) he was not given the required advisements when he pled guilty, (ii) the court and the People did not establish his waivers of rights were knowing and intelligent, and (iii) the court and counsel engaged in fraud because they violated their obligations to ensure he was properly advised, that his waiver was knowing and intelligent, and that there was a factual basis for his plea. Defendant concluded that, because the two convictions are invalid, they could not be used as strikes against him with respect to the 2003 robbery and burglary convictions.

He posits he is entitled to relief pursuant to section 1473.6 because he was not aware of the violations until a fellow inmate brought them to his attention in December 2021 and because he is no longer in custody on account of the convictions he is seeking to vacate.

In an unreported proceeding, the trial court denied defendant's motion because he is in custody. Defendant appealed.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.

3

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping with our opinion in *People v. Griffin* (Nov. 14, 2022, E079269) ___ Cal.App.5th ___. We found no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

4